UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ROBERT COOPER,<br><br>                Plaintiff,<br><br>   v.<br><br>PROVIDENCE HEALTH CARE FOUNDATION d/b/a/ PROVIDENCE CENTRALIA HOSPITAL, and UNITED STATES OF AMERICA,<br><br>                Defendants. | CASE NO. 17-5173 RJB<br><br>ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE |

This matter comes before the Court on the United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction. Dkt. 9. The Court has considered the motion and record, and is fully advised.

## I.     FACTS AND PROCEDURAL HISTORY

On January 18, 2017, Plaintiff filed this case in Lewis County, Washington Superior Court, asserting negligence claims against Providence Health Care Foundation d/b/a Providence Centralia Hospital and Lewis County Community Health Services d/b/a Valley View Health Center in connection with medical care he received. Dkt. 1-1, at 2-4. He seeks damages and

costs. *Id.* Defendant Lewis County Community Health Services d/b/a Valley View Health Center removed the case to this Court. Dkt. 1.

In accord with 28 U.S.C. § 2679(d)(1), the United States' Motion to Substitute the United States in place of Lewis County Community Health Services d/b/a Valley View Health Center was granted and the caption was ordered amended. Dkt. 7.

On March 14, 2017, the United States filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Dkt. 9. It argues that the case against the United States should be dismissed pursuant to Rule 12(b)(1) because Plaintiff failed to file an administrative claim as required under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2675 (a), and so this Court does not have jurisdiction to consider the claims. *Id.* The motion to dismiss was noted for consideration on April 7, 2017. *Id.* Plaintiff did not timely respond.

## II. DISCUSSION

### A. STANDARD ON MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12(b), a party may assert the following defenses in a motion to dismiss: "(1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service of process; (6) failure to state a claim upon which relief can be granted; and (7) failure to join a party under Rule 19." Under Fed. R. Civ. P. 12 (b)(1), a complaint must be dismissed if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D.

Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B. **FAILURE TO FILE AN ADMINISTRATIVE CLAIM**

The United States, as sovereign, is immune from suit unless it consents to be sued. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995). If a claim does not fall squarely within the strict terms of a waiver of sovereign immunity, a district court is without subject matter jurisdiction. *See, e.g.*, *Mundy v. United States*, 983 F.2d 950, 952 (9th Cir. 1993).

The FTCA is the exclusive remedy for state law torts committed by federal employees within the scope of their employment. 28 U.S.C. § 2679(b)(1). The FTCA is a limited waiver of sovereign immunity, rendering the United States liable for certain torts of federal employees. *See* 28 U.S.C. § 1346(b). Pursuant to 28 U.S.C. § 2675(a),

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . .

"[T]he administrative claim requirements of Section 2675(a) are jurisdictional in nature, and thus must be strictly adhered to." *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Plaintiff failed to present an administrative tort claim to the United States Department of Health and Human Services before filing suit. Accordingly, he has failed to exhaust his administrative remedies and so, there has been no waiver of sovereign immunity.

Further, pursuant to Western District of Washington R. Civ. P. 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." As of the date of this order, Plaintiff has not filed a response, so the Court will consider that an admission that the motion has merit.

The United States' motion to dismiss the claims asserted against it (Dkt. 9) should be granted. The claims asserted against the United States should be dismissed.

**C. REMAINING JURISDICTION**

Removal of this action was based on 28 U.S.C. § 1442, the United States as a defendant. By this order, the United States is dismissed.

Jurisdiction is a threshold issue that must be raised *sua sponte*. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). As is relevant here, a federal court has original jurisdiction over cases involving federal questions, 28 U.S.C. § 1332, or where the parties are diverse citizens and the amount in controversy is over $75,000, 28 U.S.C. § 1331. A federal court may exercise supplemental jurisdiction over state law claims asserted in cases in which the court has original jurisdiction. 28 U.S.C. § 1367(a).

1 | Plaintiff makes only state law claims in his Complaint, Dkt. 1-1, and so no federal question is
2 | at issue here. Further, it appears from the Complaint that the remaining defendant, Providence
3 | Health Care Foundation d/b/a Providence Centralia Hospital, and Plaintiff are both Washington
4 | state residents, Dkt. 1-1, and so are not diverse parties.

Pursuant to 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over a state law claims if (1) the claims raise novel or complex issues of state law, (2) the state claims substantially predominate over the claim which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. "While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)(*internal citations omitted*).

In order to give the parties a chance to be heard, by May 3, 2017, the parties should be ordered to show cause, in writing, if any they have, why this Court should not decline to exercise supplemental jurisdiction and should not remand the case to Lewis County, Washington Superior Court.

### III. ORDER

It is **ORDERED** that:

- Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 9) **IS GRANTED**;
- The claims asserted against the United States **ARE DISMISSED;** and

- By **May 3, 2017**, the parties are ordered to show cause, in writing, if any they have, why this Court should not decline to exercise supplemental jurisdiction and should not remand the case to Lewis County, Washington Superior Court.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 13th day of April, 2017.

_____
ROBERT J. BRYAN
United States District Judge

ORDER GRANTING MOTION TO DISMISS AND ORDER TO SHOW CAUSE- 6